## STATE ex BRICKER v AMERICAN INSURANCE UNION

Ohio Appeals, 2nd Dist, Franklin Co

No 2326. Decided Mar 2, 1938

Herbert S. Duffy, Columbus, Attorney General, Phil S. Bradford, Columbus, Attorneys for Receivers.

Ralph J. Bartlett, Columbus, Prosecuting Attorney, James R. Abernethy, Columbus, Asst. Pros. Attorney, Attorneys for County Officials.

## OPINION

By THE COURT

The above cause is now being determined on application of receivers for instructions as to a claim against American Insurance Union Company taxes for the years 1932 and 1933, amounting to $23,870.08, held by the Treasurer of Franklin County, Ohio.

The legality of the assessment upon which the claims are predicated is questioned by the receivers.

Under authority of this court the receivers were authorized to serve notice upon Henry Frank, as Treasurer of Franklin County, Ohio, and Newton Thatcher, as Auditor of Franklin County, Ohio, to appear and show cause why said receivers should pay said tax or any part thereof.

The Prosecuting Attorney of Franklin County, Ohio, as ex officio attorney for the County Treasurer and County Auditor, without entering their appearance except for purposes of questioning the jurisdiction of this court, presents brief. As we analyze the brief it really goes to the merits on the question of legality of assessment rather than to the question of the jurisdiction of this court to hear and determine.

The jurisdiction of the Court of Appeals is limited by the Constitution, **Art IV, §6, Constitution of the State of Ohio.** Under the above provision of the Constitution

Courts of Appeals have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo. The criginal action was filed in this court as a quo warranto proceeding under the provisions of §9486 GC. Following the provisions of the above section the Superintendent of Insurance of the State of Ohio and Hugh M. Bennett were appointed receivers with direction to take possession of the books, papers, moneys and other assets of the Society forthwith under the direction of the court and proceed to close the affairs of the Socie'y and to distribute its funds to those entitled thereto. Following such appointment the receivers took charge and are still acting in the administration of their trust.

The query arises as to whether or not such trustees have the power to invoke the jurisdiction of this court on the question of claimed illegality of presented claims. We find no cases in Ohio, nor are any cited where this particular question is discussed or passed upon. This is probably due to the fact that it is very rare that receivers are authorized to be appointed by the Court of Appeals.

It is only by reason of the provisions of the above mentioned §9486 GC wherein the mechanics follow quo warranto against an insurance company that the power is granted in this case.

It is elementary that courts have continuing jurisdiction in directing the action of its receivers. The right to  sue receivers must first be preceded by leave of the appointing court. Receivers only have the power to sue or settle claims as authorized by the court appointing them. It is not only a right but the duty of receivers when they question the legality of presented claims to bring the question to the court.

Ordinarily questions on the allowance or disallowance of claims are brought in the Common Pleas Court, but this is due to the fact that ordinarily receivers are appointed in that court. We are cited to the case of Parsons v Detroit & Canada Tunnel Co., 15 Fed. Supp., 986. This case seems to be directly in point. The 6th syllabus reads as follows:

"Federal District Court which has possession and control of property in hands of its receiver has jurisdiction to hear and determine all question of taxes, liens and priorities."

The 3rd syllabus reads as follows:

"3. Receiver has duty of bringing to attention of court appointing him a bona fide claim that taxes assessed against property in his control are invalid."

The cited case bears evidence of very careful consideration and in its analysis promulgates a rule of reason.

It is our conclusion that this court has jurisdiction to inquire into and pass on the question of the legality of the treasurer's claim for taxes.

As to whether or not there is any merit in the receiver's contention that the tax charge is illegal we think the application for instructions fails to set out in sufficient detail their reasons for the claimed illegality of the tax charge as a predicate for our exercising a judgment. By way of instructions we direct our receivers to file a pleading in our court setting out fully the manner and method under which the tax charges were placed in the hands of the County Treasurer and also in like detail the acts, commissions or omissions through which the tax charges are attacked. Of course the right will be granted to the county officials to preserve their jurisdictional question in any subseqeunt pleading that they may file. Entry may be drawn accordingly.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.